# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA JOHANSE as PNG of Z.X.** | : | No. 2:22-CV-03401 |
| **Plaintiff** | : | CIVIL ACTION |
| | : | |
| **FIRST STUDENT, INC.** | : | |

Counsel of Record for this Party:
Jared S. Zafran, Esquire
Attorney ID No: 208269
Andrew J. Thomson, Esquire
Attorney ID No.: 87844
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
Phone: 215-587-0038
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA JOHANSE as PNG of Z.X.** | : | No. 2:22-CV-03401 |
| **Plaintiff** | : | CIVIL ACTION |
| | : | |
| **FIRST STUDENT, INC.** | : | |

## PLAINTIFF'S AMENDED COMPLAINT

1. Plaintiff, Melissa Johansen, as Parent and Natural Guardian of Z.X., is an adult individual currently residing at the above-captioned address.

2. Due to the nature of this suit, Z.X. is a pseudonym for Plaintiff's nine-year-old minor child.

3. Defendant, First Student Inc., ("First Student") is a foreign corporation, authorized to do business in the Commonwealth of Pennsylvania, which provides school bus transportation services throughout the City and County of Philadelphia, and may be served at the above-captioned address.

4. At all times relevant and material hereto, Defendant acted by and through their agents, servants, workmen and/or employees, who were at all times acting in the course and scope of their agency, servitude, and/or employment.

5. On June 1, 2022, and at all times relevant hereto, Defendant First Student provided school bus transportation services to and from the Robert E. Lamberton School in the City and County of Philadelphia in the Commonwealth of Pennsylvania through a contract with the School District of Philadelphia.

6. At all times relevant and material hereto, the Robert E. Lamberton School served Kindergarten through Eighth Grade.

7. At all times relevant and material hereto, Defendant First Student was responsible for hiring, selecting, training, and/or otherwise supervising the drivers of their school bus fleet.

8. At all times relevant and material hereto, Defendant, First Student was required by its contact with the School District of Philadelphia to have an aide ride along with the students it transported to and from Lamberton School.

9. Per Defendant's website, all drivers are subject to a "comprehensive training program" to ensure safety of the students on their buses. (A screenshot of Defendant's website, https://firststudentinc.com/our-services/full-service/driver-recruitment/, is attached hereto as Exhibit "A").

10. The aforesaid training program, provided by Defendant First Student ensures that drivers and monitors possess and maintain the skills necessary for "behavioral management" and "safety and security" issues. See Exhibit "A."

11. On June 1, 2022, Minor Child, Z.X., was a passenger on a school bus operated by Defendant First Student traveling from the Robert E. Lamberton School in the City and County of Philadelphia, Commonwealth of Pennsylvania.

12. The bus was operated by Ivory M. Shelton, an employee of Defendant First Student.

13. Defendant First Student did not employ an aide on the bus on June 1, 2022, so Ivory M. Shelton was the only adult on the bus in violation of the contract between Defendant First Student and the School District of Philadelphia.

14. On June 1, 2022, as a direct result of the lack of adult supervision on the bus, several older students on the bus were allowed and/or permitted to harass, ridicule, and otherwise abuse younger students, including Minor Child, Z.X.

15. On June 1, 2022, Minor Child, Z.X., as well as two additional young children, were forced to engage in sexual acts, including groping and oral sex acts, by the older students on the bus operated and supervised by Defendant First Student.

16. At the aforesaid time and location, employees of Defendant First Student failed to discipline, intervene, or otherwise act in any way to aid the three young students, including Minor Child, Z.X.

17. At all times relevant and material hereto, Defendant First Student had a duty to ensure that all students were safe on the school bus and that they arrived at their destinations in a safe manner.

18. Specifically, at all times relevant and material hereto, Defendant had a duty to properly train, supervise, monitor, and otherwise ensure that driver and monitors were sufficiently equipped to address the behavior and abuse as alleged, herein.

19. At all times material hereto, Defendant's negligence, carelessness, and/or reckless indifference were the proximate, actual, factual and legal cause of Plaintiff and Minor Child's injuries and/or damages.

COUNT I – NEGLIGENCE
MELISSA JOHANSEN as P/N/G of Z.X. v FIRST STUDENT, INC.

20. Plaintiff, Melissa Johansen, as Parent and Natural Guardian of Z.X., incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein, at length.

21. The negligence and carelessness of the Defendant First Student in the care,

custody or control of the aforementioned premises and consisted of the following:

    a. Failed to properly train staff to address any safety and security concerns on the bus;

    b. Failed to properly supervise staff to ensure any and all safety concerns were being appropriately addressed;

    c. Failed to employ an aide on the bus as required by the School District of Philadelphia in its contract with Defendant for transportation of special needs students to and from Lamberton School;

    d. Failed to alert parents that it had not staffed an aide on the bus as required;

    e. Failed to sufficiently train staff under their comprehensive training program to adequately address the situation herein;

    f. Failed to provide adequate staffing to ensure students' behavior was sufficiently monitored;

    g. Failed to establish adequate language in their policies and procedures to provide staff with a means to address the abuse alleged herein;

    h. Failed to establish any age-based seating restrictions to limit any potential abuse or harassment amongst the students;

    i. Failed to establish an environment of safety and order on their buses, therefore allowing and facilitating the sexual abuse and harassment alleged herein; and,

    j. Failed to otherwise intervene or act on the behalf of the abused or otherwise injured students, including Minor Child Z.X.

22. As a direct and proximate result of the negligence of Defendant First Student Minor Child, Z.X., was sexually abused.

23. As a further direct and proximate result of the negligence of Defendant First Student Minor Child, Z.X., has suffered shame, embarrassment, loss of life's pleasures, mental anguish, psychological and emotional distress, nightmares, fear, and other injuries that may be diagnosed in the future by medical professionals.

24. As a further direct and proximate result of this accident, Minor Child, Z.X., has been obligated to receive and undergo reasonable and necessary medical and psychological treatment and rehabilitative services for the injuries they have suffered, and to incur various expenses for said treatment and services, and Plaintiff, Melissa Johansen, as Parent and Natural Guardian of Z.X., may incur various reasonable and necessary future medical expenses from the injuries they sustained, for which Defendant is solely liable.

25. As a further direct and proximate result of the accident, Plaintiff, Melissa Johansen, as Parent and Natural Guardian of Z.X., has or may continue in the future to incur other financial expenses or losses to which she may be otherwise be entitled to recover, all to her ongoing detriment and loss.

26. The conduct of Defendant First Student in failing to sufficiently hire, train, supervise, or monitor their staff, showed knowing indifference for the safety of another, namely Plaintiff's Minor Child, Z.X.

27. This incident occurred through the negligence and/or willful, knowing deviation from reasonable practices of hiring, training, staffing, supervising, or otherwise monitoring school bus transportation staff.

WHEREFORE, Plaintiff prays this Honorable Court grant Plaintiff money damages in an amount above the arbitration limits for this jurisdiction that adequately compensates Plaintiff for damages suffered as a result of Defendant's acts.

          **THE LAW OFFICE OF JARED S. ZAFRAN, LLC**

BY:    *Jared S. Zafran*
             JARED S. ZAFRAN, ESQUIRE
             *Attorney for Plaintiff*

DATE: 9/14/22

## **VERIFICATION**

I, Melissa Johansen, as Parent and Natural Guardian of Z.X., a minor, hereby state and verify that the averments made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.


ID XamnhFSZW5BmtusgW5zYSAUJ

_____
Melissa Johansen, as Parent and Natural Guardian of Z.X, a minor

Date:

## eSignature Details

**Signer ID:**  **XamnhFSZW5BmtusgW5zYSAUJ**
Signed by:        Melissa Johansen
Sent to email:    meechdj1318@gmail.com
IP Address:       172.58.204.9
Signed at:        Sep 14 2022, 11:08 am EDT